[Cite as *State v. Gott*, 2018-Ohio-774.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                                        Court of Appeals No. L-17-1216

     Appellee                                                      Trial Court No. CR0199803284

v.

Phillip Gott                                                        **DECISION AND JUDGMENT**

     Appellant                                                    Decided:  March 2, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Phillip D. Gott, pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated appeal from an August 7, 2017 judgment of the Lucas

County Court of Common Pleas, denying appellant's motion to correct void judgment

and motion to strike submitted motions, filed May 2, 2017 and June 29, 2017,

respectively. These pro se motions were filed in connection to the underlying 1994 murder case. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Phillip Gott, sets forth five assignments of error. All of the assignments of error stand for the proposition that appellant was improperly sentenced. Notably, the assignments of error are fully co-mingled with cursory and conclusory supporting arguments. Appellant's brief does not contain supporting arguments and analysis separate from the assignments of error. Given a consistent lack of coherence, the assignments are excerpted below to most accurately reflect the discernible underlying assertions.

{¶ 3} Appellant sets forth the following five assignments of error:

(1.): In reviewing Crim.R. 32(C), the [d]efendant[']s sentence does not conform to the "Mandatory Provisions".

(2.): The [d]efendant[']s [s]entence doesn't conform with those provisions in 2505.02 because without a correct [j]udgment [o]rder there is "No Finality".

(3.): The [d]efendant-[a]ppellant's [s]entence doesn't conform to the "Mandatory Provisions" in 2929.03(F).

(4.): The [d]efendant-[a]ppellant's [s]entence was [appealed] without such provisions being included in the [s]entencing [j]ournal [e]ntry.

(5.): The [d]efendant[']s [s]entence [v]iolates his [constitutional due process rights].

**{¶ 4}** The following undisputed facts are relevant to this appeal. On April 20, 1994, appellant shot and killed an individual who had arranged to purchase marijuana from appellant, and several of appellant's accomplices, at a designated location near the intersection of Monroe St. and Bancroft St. in Toledo. Following these events, appellant was indicted for and convicted of one count of aggravated murder, along with an accompanying firearm specification.

**{¶ 5}** On May 5, 1999, appellant was sentenced to a term of incarceration of 20 years to life, with an additional three-year term for the mandatory firearm specification. Subsequently, appellant appealed the case to this court. This court affirmed appellant's conviction and sentence on direct appeal in *State v. Gott*, 6th Dist. Lucas No. L-99-1152, 2000 Ohio App. LEXIS 3236 (July 21, 2000).

**{¶ 6}** On May 2, 2017, appellant filed a pro se motion to correct void judgment. On June 29, 2017, appellant filed a pro se motion to strike submitted motions. On August 7, 2017, the motions were found to be without merit and were denied. This appeal ensued.

**{¶ 7}** In appellant's first assignment of error, appellant implies that the underlying sentence in this case, previously affirmed on direct appeal by this court, is somehow prejudicially compromised because it was not performed in conjunction with R.C. 2929.03(F). We do not concur.

**{¶ 8}** R.C. 2929.03(F) establishes, "The court or the panel of three judges, *when it imposes a sentence of death*, shall state in a separate opinion its specific findings as to the evidence." (Emphasis added).

3.

{¶ 9} The record unequivocally reflects, as evidenced by the terms of the sentence of which appellant complains, that this is not a death penalty case. Appellant was not sentenced to death, and therefore, R.C. 2929.03(F) is inapplicable to this case. Appellant's first assignment of error is found not well-taken.

{¶ 10} In appellant's second assignment of error, appellant suggests that based upon the sentencing defects alleged in the first assignment of error, the underlying sentencing judgment was incorrect, and therefore, not a final order. We note that appellant did not raise this issue on direct appeal, and it is, therefore, barred by res judicata from consideration at this juncture.

{¶ 11} However, even assuming arguendo that res judicata does not prohibit the second assignment of error, given our adverse determination in response to appellant's first assignment of error, we find appellant's second assignment of error, premised upon a favorable finding in response to the first assignment of error, is likewise not well-taken.

{¶ 12} In appellant's third assignment of error, appellant again alleges that the underlying sentence was fatally flawed in failing to comport with R.C. 2929.03(F), a provision limited in application solely to death penalty cases. Again, the instant matter is not a death penalty case and the referenced statutory provision is inapplicable.

{¶ 13} Wherefore, we find appellant's third assignment of error not well-taken.

{¶ 14} In appellant's fourth assignment of error, appellant again asserts that the lack of R.C. 2929.03(F) provisions in the sentencing entry somehow constitute a fatal flaw in the entry. Appellant's fourth assignment of error, also prefaced upon a statute applicable only to death penalty cases, is found not well-taken.

4.

**{¶ 15}** Appellant's fifth assignment of error, including the intermingled supporting analysis, is a single conclusory sentence stating, "[T]he [d]efendant['s [s]entence [v]iolates his U.S. Fourteenth Amendment * * * [d]ue [p]rocess [r]ights."

**{¶ 16}** App.R. 16(A)(7) mandates that an appellant's appellate court brief shall include, "An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

**{¶ 17}** We find that appellant's failure to adhere to App.R. 16(A)(7) throughout the brief submitted to this court was exemplified in appellant's single, unsupported sentence constituting the entirety of the fifth assignment of error.

**{¶ 18}** Wherefore, we find appellant's fifth assignment of error not well-taken.

**{¶ 19}** On consideration whereof, we find that substantial justice has been done in this matter. The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                               _____
                                                                 JUDGE

Thomas J. Osowik, J.


                                               _____
James D. Jensen, J.                                           JUDGE
CONCUR.


                                               _____
                                                                 JUDGE